**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF ILLINOIS**

**URBANA DIVISION**

_____

| | |
|---|---|
| **VINCENT TRIMBLE,** ) | |
| ) | |
|               **Petitioner,** ) | |
|     **v.** ) | **Case No. 07-CV-2061** |
| ) | |
| **JENNIFER STOUDT, Warden,**[1] ) | |
| ) | |
|               **Respondent.** ) | |

**OPINION**

On February 5, 2007, Petitioner, Vincent Trimble, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) in the Northern District of Illinois. Because Petitioner was convicted in Moultrie County, Illinois, the case was subsequently transferred to this court. On May 15, 2007, Respondent, Jennifer Stoudt, filed a Motion to Dismiss, with supporting exhibits attached (#14). On June 18, 2007, Petitioner filed a Reply to Respondent's Motion to Dismiss (#17). On January 18, 2008, Petitioner filed a Motion to Amend Answer to Dismissal and/or Request for Partial Summary Judgment (#18).

This court has carefully considered Respondent's Motion to Dismiss and the applicable case law, as well as Petitioner's arguments in response. Following this careful review, this court agrees with Respondent that the Petition filed in this case is untimely. Accordingly, Respondent's Motion to Dismiss (#14) is GRANTED and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) filed by Petitioner is dismissed as untimely.

---

[1] Jennifer Stoudt has replaced Gregory Firkus as Warden of the Logan Correctional Center, where Petitioner is incarcerated. According, Jennifer Stoudt is substituted as the proper party Respondent.

BACKGROUND

In February 2001, Petitioner pled guilty to one count of solicitation of murder and, pursuant to a negotiated plea agreement, received a 20-year prison sentence. Petitioner did not file a motion to withdraw his guilty plea or a notice of appeal.

On January 9, 2004, Petitioner filed a petition for post-conviction relief in the circuit court of Moultrie County. On February 2, 2004, the circuit court summarily dismissed the petition. Petitioner appealed to the Illinois Appellate Court, Fourth District. On March 8, 2006, the appellate court affirmed the summary dismissal of Petitioner's petition for post-conviction relief. People v. Trimble, Case No. 4-04-1023 (unpublished order). Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which denied the petition on September 27, 2006.

As noted previously, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) on February 5, 2007. In his Petition, Petitioner argued that he was denied his constitutional right to due process because the Illinois appellate court held that his post-conviction petition could not raise constitutional violations, including claims of ineffective assistance of trial counsel, which occurred before his guilty plea was entered.

On May 15, 2007, Respondent filed a Motion to Dismiss (#14). Respondent argued that Petitioner's conviction was final on March 19, 2001, so that he had until March 19, 2002, to file his federal habeas petition. Because the limitations period expired before he filed his state post-conviction petition, Respondent contended that his federal habeas petition is time-barred and must be dismissed. On June 18, 2007, Petitioner filed a Reply to Respondent's Motion to Dismiss (#17) and, on January 18, 2008, Petitioner filed a Motion to Amend Answer to Dismissal and/or Request for Partial Summary Judgment (#18). This court has considered the arguments Petitioner included

in both of his filings.

## ANALYSIS

Because Petitioner filed his Petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, applies to this case. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under the AEDPA, a one-year period of limitations applies to a habeas corpus petition by a person in state custody. 28 U.S.C. § 2244(d)(1); Allen v. Siebert, ___ U.S. ___, 128 S. Ct. 2 (2007). Section 2244(d)(1) provides that the limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Here, because Petitioner did not file a direct appeal from his conviction, Respondent is correct that Petitioner's conviction became final on March 19, 2001, 30 days following his guilty plea and sentencing. See United States ex re. Soto v. Liebach, 2004 WL 2222267, at *2 (N.D. Ill. 2004). Therefore, in this case, the one-year period of limitations for Petitioner to file a timely § 2254 petition ended on March 19, 2002. Accordingly, the petition he submitted on February 5, 2007, is not timely.[3]

Petitioner contends that the time for submitting a § 2254 petition must be tolled because he filed a timely state post-conviction petition. It is true that Petitioner filed a petition for post-conviction relief in state court on January 9, 2004, and that this petition was pending until the Illinois supreme court denied his petition for leave to appeal on September 27, 2006. However, the

---

[2] The other possible dates listed in the statute do not apply in this case.

[3] Respondent has pointed out that, under the mailbox rule, Petitioner's petition can be considered filed on the date he gave it to proper prison authorities for mailing, which was January 29, 2007, at the earliest. However, this difference of a few days does not affect the fact that Petitioner's petition was filed too late.

one-year limitations period for filing a habeas petition under 28 U.S.C. § 2254 clearly ran before Petitioner began his state court post-conviction proceedings. Therefore, this court agrees with Respondent that the habeas petition must be found to be untimely.

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 5 (2000). In this case, Petitioner did not have an application for post-conviction or other collateral review "pending" from the date his conviction was final, March 19, 2001, until his state post-conviction petition was filed on January 9, 2004. During this time, nothing was "pending" and none of this time was excluded by 28 U.S.C. § 2244(d)(2) from the one-year period for commencing a federal collateral attack. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005); Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000); Soto, 2004 WL 2222267, at *2. More than one year of countable time passed before Petitioner filed his post-conviction petition, so the petition filed in this case was too late and must be dismissed. See Walker v. Endicott, 2007 WL 3171300, at *3 (E.D. Wis. 2007) ("The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief."); see also Martin v. Kingston, 2006 WL 1519012, at *2 (E.D. Wis. 2006); Soto, 2004 WL 2222267, at *2.

Petitioner has argued that the motion to dismiss should not be granted because he has meritorious claims of ineffective assistance of counsel. He has also stated that he asked his trial counsel to file a motion to withdraw his guilty plea and a notice of appeal and she refused. This court will consider Petitioner's arguments as a request that this court apply equitable tolling to excuse his untimeliness. See Smith v. Randolph, 2007 WL 3348405, at *3 (C.D. Ill. 2007). Since

§ 2244(d) is not jurisdictional in nature, equitable tolling is available to some degree. See Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999); Smith, 2007 WL 3348405, at *3. However, while the Seventh Circuit has acknowledged that equitable tolling may apply to § 2244, it has stated that this is "only where the judge-made doctrine does not conflict with the express tolling provisions listed in § 2244(d)." Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007). The Seventh Circuit has repeatedly pointed out that "[e]quitable tolling is rarely granted." Lo, 506 F.3d at 576, citing Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006), cert. denied, 127 S. Ct. 940 (2007). Therefore, "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." Lo, 506 F.3d at 576, citing Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006).

In this case, Petitioner was aware that his counsel did not file a motion to withdraw guilty plea or a notice of appeal. He has not claimed that any circumstances existed which prevented him from filing a timely petition under 28 U.S.C. § 2254. This court sees nothing in this case which would justify applying equitable tolling to toll the running of the statute of limitations. See Lo, 506 F.3d at 576; Jones, 449 F.3d at 789; Smith, 2007 WL 3348405, at *3.

IT IS THEREFORE ORDERED THAT:

(1) Jennifer Stoudt is substituted for Gregory Firkus as the proper party Respondent.

(2) Petitioner's Motion to Amend Answer to Dismissal and/or Request for Partial Summary Judgment (#18) is GRANTED in part and DENIED in part. The Motion is granted to the extent that this court has considered the additional arguments Petitioner included in his Motion. To the extent Petitioner has requested summary judgment, the Motion is denied.

(3) Respondent's Motion to Dismiss (#14) is GRANTED. Petitioner's Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody (#1) is dismissed as untimely.

    (4) This case is terminated.

              ENTERED this  6th  day of February, 2008

                    **s/ Michael P. McCuskey**
                    MICHAEL P. McCUSKEY
                    CHIEF U.S. DISTRICT JUDGE